IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

**MICHAEL GOLLYHORN and PAUL CHEVALIER**         **PLAINTIFFS**

vs.                                    No. 7:16-cv-79

**TDJ OILFIELD SERVICES, LLC; and
THOMAS STEVEN MOORE, DEXTER GUIDRY and
JOEY MOORE, Each Individually and as an Officer
of TDJ OILFIELD SERVICES, LLC**                 **DEFENDANTS**

## ORIGINAL COMPLAINT

COME now Plaintiffs Michael Gollyhorn and Paul Chevalier, each by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint against Defendants TDJ Oilfield Services, LLC, and Thomas Steven Moore, Dexter Guidry and Joey Moore, each individually and as an officer of TDJ Oilfield Serivces, LLC (hereinafter collectively "Defendant"), and in support thereof they do hereby state and allege as follows:

### I.

### PRELIMINARY STATEMENTS

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's policy and practice of failing to pay Plaintiffs overtime compensation for the hours in excess of forty hours in a single week that they

were/are made to work.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.

## THE PARTIES

### A. Plaintiffs

#### i. Michael Gollyhorn

3. Plaintiff Michael Gollyhorn is a resident and citizen of Ector County, Texas. He was employed by Defendant to work as a mechanic in oilfields in Texas, including in the area around Midland, Texas.

4. At all times relevant hereto Gollyhorn was misclassified as exempt from overtime wages and paid a salary.

5. Gollyhorn's term of employment was from about October of 2013 until May 3, 2014.

#### ii. Paul Chevalier

6. Plaintiff Paul Chevalier is a resident and citizen of Ector County, Texas. He was employed by Defendant to work as a mechanic in Texas, including in the area around Midland, Texas.

7. At all times relevant hereto Chevalier was misclassified as exempt from overtime wages and paid a salary.

8. Chevalier's term of employment was from about April of 2014 through about November of 2014.

## B. Defendants

9. Separate Defendant TDJ Oilfield Services is a ("TDJ") is a for-profit, Texas limited liability company created and existing under and by virtue of the laws of the State of Texas, registered to do business in the State of Texas, providing products and services in the oil and gas industry, throughout the United States in those areas in which fracking is a viable business.

10. Separate Defendant Thomas Steven Moore is an individual who resides in the State of Louisiana.

11. Upon information and belief, Separate Defendant Thomas Steven Moore controls or has the right to control the day-to-day operations of TDJ such that he is liable to Plaintiff as an employer under the FLSA.

12. Separate Defendant Thomas Steven Moore established and maintained the policies at issue in this case.

13. Separate Defendant Dexter Guidry is an individual who resides in the State of Louisiana.

14. Upon information and belief, Separate Defendant Guidry controls or has the right to control the day-to-day operations of TDJ such that he is liable to Plaintiff as an employer under the FLSA.

15. Separate Defendant Guidry established and maintained the policies at issue in this case.

16. Separate Defendant Joey Moore is an individual who resides in the State of Louisiana.

17. Upon information and belief, Separate Defendant Joey Moore controls or

has the right to control the day-to-day operations of TDJ such that he is liable to Plaintiff as an employer under the FLSA.

18. Separate Defendant Joey Moore established and maintained the policies at issue in this case.

19. Defendant has annual gross revenues exceeding $500,000.00.

20. Defendant's principal address is 4085 US-80, Haughton, Louisiana 71037, with a business location at 1905 East Seventh Street, Odessa, Texas 79761.

21. Defendant was at all times relevant hereto Plaintiffs' employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22. Defendant can be served within the State of Texas.

### III.

### JURISDICTION AND VENUE

23. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

24. The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the Midland Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### IV.

### FACTUAL ALLEGATIONS

25. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

26. Plaintiffs were employees of Defendant within the last three years. Plaintiffs were classified as salaried employees during that time period.

27. Upon commencement of work at Defendant, Plaintiffs did not sign any contract of employment setting forth their hours or wages. Their annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

28. In performing their services for Defendant, Plaintiffs were not required to utilize any professional education relevant to their job duties.

29. Plaintiffs' primary duties as mechanics were to repair vehicles and equipment used in fracking oil and gas wells.

30. Plaintiffs were classic blue-collar workers, spending their physical, demanding, long shifts working on and with machinery. and not in an office.

31. During the course of their employment, Plaintiffs did not manage the enterprise or a customarily recognized subdivision of the enterprise.

32. Plaintiffs did not select any employees for hire nor did they provide any training for any employee. Plaintiffs had no ability to hire and fire any employee.

33. Plaintiffs did not have any control of or authority over any employee's rate of pay or working hours.

34. Plaintiffs did not maintain or prepare production reports or sales records for use in supervision or control of the business.

35. Similarly, Plaintiffs did not have any responsibility for planning or controlling budgets.

36. Plaintiffs did not receive overtime premiums for hours worked in excess of 40 in a workweek.

37. Plaintiffs worked more than 40 hours in almost all workweeks during which they were employed by Defendant.

38. Plaintiffs drove, worked on, or affected the safety of vehicles weighing 10,000 pounds or less during each workweek in which they were employed by Defendant.

## V.

## CLAIM FOR RELIEF

## (Violation of FLSA)

39. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

40. Defendant intentionally misclassified Plaintiffs as exempt from overtime compensation.

41. Defendant deprived Plaintiffs of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

42. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

43. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

44. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of

prejudgment interest at the applicable legal rate.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs Michael Gollyhorn and Paul Chevalier respectfully pray for declaratory relief and damages as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) That each Defendant be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiffs prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**MICHAEL GOLLYHORN and
PAUL CHEVALIER and, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:  */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com